IN THE TAX COURT OF THE
STATE OF OREGON

George C. ESQUIRO

*v.*

DEPARTMENT OF REVENUE

(TC 3954)

Howard G. Arnett, Karnopp, Petersen, Noteboom, Hubel, Hansen & Arnett, Bend, represented plaintiff (taxpayer).

James C. Wallace, Assistant Attorney General, Department of Justice, Salem, represented defendant (department).

Decision for defendant rendered January 28, 1997.

**CARL N. BYERS, Judge.**

Plaintiff (taxpayer) appeals from an assessment of personal income taxes for 1990, claiming exemption as an American Indian residing on the Warm Springs Indian Reservation. The Department of Revenue (department) asserts that taxpayer is not exempt because he is not an enrolled member of the Warm Springs Tribe and the income in question was not earned on the reservation. The matter has been submitted to the court on taxpayer's Motion for Summary Judgment.

## FACTS

The parties have stipulated the facts. Taxpayer is an enrolled member of a federally recognized American Indian tribe in Alaska. He is not a member of the Warm Springs Indian Tribe. During 1990, taxpayer resided on the Warm Springs Indian Reservation in Oregon, but earned income from commercial fishing activities in Alaska. Taxpayer fished as a private individual with a commercial fishing license issued by Alaska and not as part of any special Indian or tribal fishing rights. Taxpayer did not file an Oregon personal income tax return for 1990, so the department issued a

notice of assessment based on its best information and knowledge. Taxpayer timely appealed from that notice.

## ISSUE

Is an American Indian living on another tribe's reservation exempt from state income taxes on income earned in another state?

## ANALYSIS

The federal government has exclusive authority to determine the treatment of American Indians. In a general sense, it recognizes the limited sovereignty of American Indian tribes and has entered into treaties with them preserving their ability to govern themselves. A necessary corollary of the federal government's authority over Indians is preemption of the state's authority. As a consequence, a state may not assert its authority or power to interfere with tribal self-government and may not assert jurisdiction over reservations without federal permission.

The controlling federal laws have been construed by the United States Supreme Court. The principles and holdings contained in a number of cases determine the outcome in this case.

■ As a beginning principle, the American Indians' exemption from state tax is not automatic or inferred.

"[The Supreme Court] has repeatedly said that tax exemptions are not granted by implication. * * * It has applied that rule to taxing acts affecting Indians as to all others." *Mescalero Apache Tribe v. Jones*, 411 US 145, 93 S Ct 1267, 36 L Ed 2d 114, 124 (1973) (quoting *Oklahoma Tax Comm'n v. United States*, 319 US 598, 606-07, 63 S Ct 1284, 87 L Ed 1612 (1943)).

■ Second, it is clear that a state has no jurisdiction to tax the income of tribal members living on their reservation when the income is wholly derived from reservation sources. *McClanahan v. Arizona Tax Commission*, 411 US 164, 93 S Ct 1257, 36 L Ed 2d 129 (1973). On the other hand, Indians who live off the reservation or earn income off the reservation are subject to a state's jurisdiction to tax. *Oklahoma Tax Com. v. Chickasaw Nation*, 515 US 450, 115 S Ct 2214, 132

L Ed 2d 400 (1995). The Supreme Court has also made clear that, for purposes of taxation, an Indian residing on another tribe's reservation stands essentially in the same shoes as non-Indian residents.

> "Federal statutes, even given the broadest reading to which they are reasonably susceptible, cannot be said to pre-empt [a state's] power to impose its taxes on Indians not members of the Tribe. * * * Similarly, the mere fact that nonmembers resident on the reservation come within the definition of 'Indian' * * * does not demonstrate a congressional intent to exempt such Indians from state taxation." *Washington v. Confederated Tribes*, 447 US 134, 100 S Ct 2069, 65 L Ed 2d 10, 34 (1980).

■     The final and conclusive holding is that domicile itself affords a basis for the state to impose its taxes on the income of an Indian that is not earned on the reservation. *Oklahoma Tax Com. v. Chickasaw Nation*, 132 L Ed 2d at 400.

Taxpayer contends that he is not domiciled in Oregon because, as a resident of a reservation, he is in a separate sovereign state. He cites *North Pacific Ins. Co. v. Switzler*, 143 Or App 223, 924 P2d 839 (1996) as support for this conclusion. This is an unacceptable enlargement of the doctrine of Indian sovereignty. The court in *North Pacific* was dealing with the subject of personal jurisdiction for litigation, a subject directly related to the tribe's right of self-governance. The holding in that case may not be applied unqualifiedly to every governmental purpose. To do so would prevent residents of the reservation from exercising their right to vote in Oregon elections or to exercise other rights afforded them by the state.

■     The federal limits imposed on state jurisdiction to tax or govern Indians do not remove Indian reservations from within the geographical jurisdiction of the state. Federally imposed limitations merely carve out areas for Indian self-governance within which the state may not supersede or interfere. As noted in *McClanahan*, the doctrine of Indian sovereignty is relevant as a "backdrop" against which the federal statutes and treaties are read, but it does not provide an independent basis for exemption. *McClanahan*, 411 US at 172.

The Court stated: "Indians today are American citizens. They have the right to vote, to use state courts, and they receive some state services." *Id.* at 172-73 (footnotes omitted).

■ An enrolled member of a tribe living on a reservation is subject to three levels of governmental jurisdiction: the tribe, the state, and the federal government. Being a resident of one does not remove the person from the jurisdiction of the others. An enrolled member of a tribe living on the tribe's reservation remains domiciled in the state and is a resident of the state for limited purposes. The state's power to tax the income of a resident that is earned outside the state is, as noted in *Oklahoma Tax Com. v. Chickasaw Nation*, well established. In that case, the Court held that the state could tax income earned in Indian country by Indians living outside of Indian country. *Chickasaw Nation*, 132 L Ed 2d at 412-13. Here, the income was earned in Alaska not on a reservation in Oregon. Also, taxpayer is not a member of the tribe on whose reservation he resides. Under federal law, either of those conditions opens the door to the state's jurisdiction to impose a state income tax.

Taxpayer contends that, even if the court finds he is not exempt from taxes under federal law, he is exempt by virtue of an Oregon statute. Taxpayer claims that, as an enrolled member of a federally recognized American Indian tribe, he is exempt from income taxes under ORS 316.777(1) (1989). The relevant portion of that statute reads:

> "Any income derived from sources within the boundaries of an active Indian reservation in Oregon by any enrolled member of a federally recognized American Indian tribe residing on an Oregon Indian reservation at the time the income is earned, is exempt from tax under this chapter."[1]

■ By its terms, this statute is not applicable because taxpayer has stipulated that he earned the income in Alaska, not from sources within Indian country in Oregon. Even if the statute was construed to exempt an enrolled member of a federally recognized American Indian tribe residing on another

---

[1] In 1995, the Oregon Legislature amended ORS 316.777(1) by replacing the words "an active Indian reservation" with "federally recognized Indian Country." Or Laws 1995, ch 54, § 17. This amendment does not affect the analysis.

tribe's reservation, it does not express a legislative intent to exempt income earned outside the state.

Finally, taxpayer contends that a state income tax on a nonmember infringes on tribal rights because any resident on a reservation will be subject to the tribe's right of governance. In *Oklahoma Tax Com. v. Chickasaw Nation*, the Court noted that this "infringement" issue had not been presented and rejected the tribe's argument that Oklahoma's income tax impaired rights granted or reserved by federal law. The Court stated:

> "We do not read the Treaty as conferring super-sovereign authority to interfere with another jurisdiction's sovereign right to tax income, from all sources, of those who choose to live within that jurisdiction's limits." 132 L Ed 2d at 414.

Taxpayer's assertion here is not based on any treaty language or provision which would confer super-sovereign authority on the Warm Springs Tribe. This court concludes that taxing the income of a nonmember Indian that was earned off the reservation does not infringe on the tribe's right of self-governance. The sovereign authority of the tribe is circumscribed by its reservation boundaries. When Indians earn income outside those boundaries, they subject themselves to the state's jurisdiction to tax because they reside in the state.

In conclusion, the court finds that taxpayer, as a nonmember of the Warm Springs Indian Tribe, is not exempt from state income taxes imposed on income earned outside the reservation and outside Oregon. Finding no dispute of material fact, now, therefore,

IT IS ORDERED that taxpayer's Motion for Summary Judgment is denied, and

IT IS FURTHER ORDERED that judgment shall be entered in accordance with the stipulated facts.