Argued and submitted November 9, judgment of the Tax Court affirmed November 27, 1998

George C. ESQUIRO,
*Appellant,*

*v.*

DEPARTMENT OF REVENUE,
State of Oregon,
*Respondent.*

(OTC 3954; SC S44128)

969 P2d 381

Howard G. Arnett, of Karnopp, Petersen, Noteboom, Hansen, Arnett & Sayeg LLP, Bend, argued the cause for appellant. With him on the briefs was Tia M. Lewis.

James C. Wallace, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief was Hardy Myers, Attorney General.

Before Carson, Chief Justice, and Gillette, Van Hoomissen, Durham, Leeson, and Riggs, Justices.**

PER CURIAM

_____

** Kulongoski, J., did not participate in the consideration or decision of this case.

## PER CURIAM

This is an appeal from the Oregon Tax Court. Plaintiff (taxpayer) is a resident of the Warm Springs Indian Reservation in Oregon, but not a member of the Warm Springs Indian tribe. He is an enrolled member of a federally recognized American Indian tribe in Alaska. The narrow question on appeal is whether taxpayer may be subjected to Oregon income taxation on his income earned in Alaska. That income was not earned from activities carried out within Indian Country in Alaska.

The parties stipulated to the material facts. During 1990, taxpayer earned income from commercial fishing activities in Alaska. He fished as a private person with a commercial fishing license issued by Alaska and not pursuant to any special Indian or tribal fishing rights. The Tax Court found that taxpayer, as a nonmember of the Warm Springs Indian tribe, is not exempt from state income taxes imposed on income earned outside the Warm Springs Indian Reservation and outside Oregon. *Esquiro v. Dept. of Rev.*, 14 OTR 130, 135 (1997).

The facts of this case are such that publishing an extended opinion unlikely would benefit the bench, bar, or public. We have considered each of taxpayer's arguments and have determined, as did the Tax Court, that none is well taken.

The judgment of the Oregon Tax Court is affirmed.