IN THE OREGON TAX COURT
MAGISTRATE DIVISION

Tracy D. GRAYBAEL,
*Plaintiff,*

*v.*

DEPARTMENT OF REVENUE,
*Defendant.*

(TC-MD 981331)

Geoffrey Whiting, Karnopp, Petersen, Noteboom, Hansen, Arnett and Sayeg, LLP, Bend, argued the cause for Plaintiff.

James C. Wallace, Assistant Attorney General, Department of Justice, Salem, argued the cause for Defendant.

Decision rendered May 17, 1999.

**SALLY L. KIMSEY, Magistrate.**

This matter comes before the court on the parties' Cross Motions for Summary Judgment. Plaintiff also asked

the court for an injunction to stay enforcement of any collection proceedings. The court heard arguments at a case management conference on February 5, 1999. Geoffrey Whiting represented Plaintiff. Jim Wallace represented Defendant.

Plaintiff appeals his 1993, 1994, 1995, 1996, and 1997 personal income tax assessments. Defendant assessed Plaintiff for 1993, 1994, and 1995 on January 22, 1997. Defendant denied one half of Plaintiff's refund claim for 1996 on August 11, 1997, and has not made an assessment or denied a refund for 1997. Plaintiff filed his Complaint on April 10, 1998. Mr. Wallace stated that during pendency of the appeal, Defendant has stayed collection proceedings against Plaintiff.

## FACTS

Tracy Graybael is an enrolled member of the Confederated Tribes of the Warm Springs Reservation of Oregon. He resides in the town of Warm Springs on the Warm Springs Reservation (reservation). He works for Portland General Electric on the Pelton-Round Butte Hydroelectric Project. He works at three dams, primarily in the control rooms which are at, or west of, the mid-stream of the Deschutes River. The middle of the channel of the Deschutes River is the boundary of the reservation. Treaty between the United States and the Tribes of Middle Oregon, 1885, art I, 12 Stat 963. He earns a significant portion of his income on the reservation.

## ANALYSIS

This matter is also before the court on Defendant's assertion, stated in its Answer filed on May 13, 1998, that the court lacks jurisdiction on the ground that Plaintiff failed to appeal within the 90 days required by ORS 305.280(2).[1] Plaintiff's Complaint was not timely filed. Generally, the above statement would be fatal to Plaintiff's case. Defendant argues this course of action to the court, arguing that any relief Plaintiff is entitled to should come via the doubtful liability process. *See* ORS 305.295. The court disagrees.

---

[1] All references to the Oregon Revised Statutes (ORS) are to 1997.

■ ■  The United States Supreme Court held in *McClanahan v. Arizona Tax Commission*, 411 US 164, 177, 93 S Ct 1257, 36 L Ed 2d 129, 138 (1973) that "Congress would not have jealously protected the immunity of reservation Indians from state income taxes had it thought that the States had residual power to impose such taxes in any event." The Court went on to state that "the State is totally lacking in jurisdiction over both the people and the lands it seeks to tax." *Id.* at 181. Generally, exemptions from taxation should be clearly expressed. *Id.* at 176. However, "the tradition of Indian sovereignty requires that the rule be reversed when a State attempts to assert tax jurisdiction over an Indian tribe or tribal members living and working on land set aside for those members." *Oklahoma Tax Com. v. Sac and Fox Nation*, 508 US 114, 124, 113 S Ct 1985, 124 L Ed 2d 30, 40 (1993).

## CONCLUSION

■  Plaintiff is an enrolled member of a recognized Indian tribe and lives on his tribe's reservation. The only matter in dispute is what portion of his income was earned on the reservation. The court finds that Plaintiff is subject to Oregon income tax **only** to the extent Plaintiff had income earned off the reservation.[2]

IT IS HEREBY ORDERED that Defendant's and Plaintiff's Cross Motions for Summary Judgment are denied. Plaintiff's request for injunctive relief is denied. This matter shall be set for trial for the sole purpose of determining where Plaintiff earned his income.

---

[2] The court's holding in *Esquiro v. Dept. of Rev.*, 14 OTR 130 (1997), *aff'd,* 328 Or 37, 969 P2d 381 (1998) is not inapposite. In *Esquiro*, the plaintiff earned none of his income on an Indian reservation.